## Kornblatt, etc., v. Samuel T. Hall, Inc., et al.

*Henry, McHale, Briddes & Lauria,* for plaintiff.
*Rambo, Rambo & Mair,* for defendants.

ALESSANDRONI, J., May 31, 1932.—Samuel T. Hall, Inc., as agent of the owner, and A. B. Moore, constable, at the former's direction, distrained on the goods of Morris and Lena Schwartz on premises Nos. 242A and 244 Market Street, Philadelphia. The rents totaled $2925, and the constable's costs $210.25. The distraint was made on March 3, 1932. On March 4, 1932, the plaintiff replevined the goods distrained and valued the property at $72.50. Samuel T. Hall, Inc., avers in its petition that the value of the property replevined is more than enough to satisfy the amount due under the distraint proceedings and requests that a bond be filed in double the amount due under the distraint proceedings, or that the sheriff appraise the goods and a bond be taken in double the value shown by said appraisement under the Act of March 21, 1772, 1 Sm. Laws 370, 373, Sec. 11, or that the court order said replevin proceedings as hereinbefore set forth non prossed.

A petition was then filed by the plaintiff, Herbert Kornblatt, trading as the Famous Shoe Repairing Company, averring that the defendants failed to state the value of the goods replevined; that the proper procedure is for the defendant to file exceptions with the prothonotary to the amount of the bond, and that the rule was improper.

The procedure in this case is covered by the Replevin Act of April 19, 1901, P. L. 88, as amended by section two of the Act of March 19, 1903, P. L. 39, which provides that: "The prothonotary shall, in the first instance, fix the amount of bail and approve or reject the security offered. His action in either regard shall be subject to revision by the court or, in vacation time, a judge thereof at chambers. In order to determine the amount of bail, the plaintiff shall make an affidavit of the value of the goods and chattels, which value shall be the cost to the defendant of replacing them, should the issue be decided in his favor. The court or, in vacation time, a judge thereof at chambers may, upon motion, increase the amount of bail required; may require new bail, if for any reason the old bail has become insufficient, and may enter a non pros. against the party in default, if he has the goods and chattels, and its orders be not complied with, or may permit the substitution of bail for that already given and enter an exoneratur on the bail bond." The clear intent of the legislature, as expressed in the language above quoted, is to place the question of the sufficiency of the bail in the hands of the court. It has been so construed in Midwest Commercial Credit Co. *v.*

Woloszyn, 11 D. & C. 494, and Adams *v.* Young, 8 D. & C. 106. In the latter case, however, the court indicated that exceptions might be filed to the bond before the prothonotary.

In view of the fact that the value of the goods replevined is insufficiently set forth in the petition to have the replevin bond increased, it would be extremely difficult for a court to determine the amount to which the bond should be increased. In order to properly pass upon these facts before us, we believe it expedient to sustain the rule to strike off the rule to have the replevin bond increased, without prejudice to the right of the defendants to file exceptions to the replevin bond with the prothonotary so that he may pass upon the question of the value of the goods distrained. Either party dissatisfied with this ruling may then appeal to this court.

And now, to wit, May 31, 1932, the rule to strike off the rule to increase the replevin bond is made absolute, without prejudice to the right of the defendants to file exceptions to the replevin bond with the prothonotary.